Tilghman C. J.
(after stating the case,) delivered the opinion of the Court, as follows:—
It appears by the plaintiff’s own shewing that the bond was given to ten obligees jointly, all of whom are living, and the action is brought by only seven of them. I am at a loss to conceive, on what principle the action can be supported. It is well settled., that if a bond be given to several obligees,! they must all join in the action, unless some be dead, in which case that fact should be averred in the declaration. And if it appear on the face of the pleadings, that there are other obligees living, who have not joined in the action, it is fatal, on demurrer, or in arrest of judgment. The autjiorities to this point are numerous, and "will be found collected in 1 Sound. 291. f. The counsel for the plaintiffs has urged the inconvenience .of this principle, when applied to the bond in suit, where it appears by the condition, that ten persons have separate interests, and it may.be that some of them have received their shares, before the commencement of this suit. There is very little weight in that argument. The' acceptance of the bond, was the voluntary act of the obligees, and if people will enter into contracts which are attended with difficulties, they have no right to expect that established principles of law are to be prostrated, for their accommodation. But in truth, there is very, little difficulty in the case. The action may be brought on the. penalty of the bond, in the name of all the obligees, and the judgment entered in such a manner as to secure the separate interest of each. The action may be supported, although some of the obligees have received their shares, because the bond is forfeited, unless they have all been paid. It was objected, that those who had been paid, might refuse to join in the action, or might release the obligor. But the Court would permit those who were unpaid, to make use of the names of the other obligees against their consent; neither would their release be suffered to be set up, in bar of the action. It may be resembled to the case of an assigned chose inaction, where the action is brought in the name of the assignor, for the use of the assignee ; there the release of the assignor would not be regarded. A release in such case, would be a collusion *312 between the assignor and assignee to defraud a third person, an(j t|jerefore Void. It is unnecessary to decide, whether each tbe ob^Sees tbe present case, could have supported a separate action for his separate interest, appearing on the ^ace °fthe condition. I will only say, that such an action would be hazardous. But this action has not been brought for the separate interest of any one. Seven of the obligees have joined in it. So that it is neither joint, nor several, On no principle, therefore,, can the action be supported. There were several other points discussed in the argument, on which the Court will give no opinion. The judgment of the Court of Common Pleas must be reversed, and restitution is awarded.
Judgment reversed, and restitution awarded» -